UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-09239-CAS(MRWx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | KENO V. THOMAS V. STARZ ENTERTAINMENT LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Dan Stormer
Brian Olney

Attorneys Present for Defendants:
Eric Amdursky
Margaret Carter

**Proceedings:** DEFENDANTS' MOTION TO DISMISS COMPLAINT (Dkt. 21, filed December 7, 2015)

DEFENDANT'S MOTION TO STRIKE (Dkt. 22, filed December 7, 2015)

## I.   INTRODUCTION

On October 29, 2015, plaintiff, Keno V. Thomas ("Thomas") filed this action in the Los Angeles County Superior Court against defendants Liberty Media Corp., Starz, Starz, LLC., Starz Entertainment ("Starz"), Michael Thornton ("Thornton"), Chris Albrecht ("Albrecht"), and Does 1 through 20 (collectively, "defendants").[1] Dkt. 1, Ex. A, ("Complaint"). On November 30, 2015, defendants removed this action to this Court on the basis of federal question and diversity jurisdiction. Dkt. 1. In his complaint, plaintiff asserts claims against defendants for: (1) Retaliation in Violation of Labor Code § 1102.5(b); (2) Retaliation in Violation of Labor Code § 1102.5(c); (3) Retaliation in Violation of California Government Code § 12940(h); (4) Retaliation in Violation of 42 U.S.C. § 1981; (5) Wrongful Termination in Violation of Public Policy; (6) Failure to Prevent Retaliation in Violation of Government Code § 12940, *et seq.*; and (7) Intentional Infliction of Emotional Distress. See generally Compl. In brief, plaintiff, who is a former executive of the television network Starz, alleges that defendants retaliated against and ultimately fired him in violation of California and Federal law.

---

[1] On February 5, 2016, plaintiff voluntarily dismissed defendants Liberty Media Corp., Starz, and Starz LLC. from this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-09239-CAS(MRWx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | KENO V. THOMAS V. STARZ ENTERTAINMENT LLC, ET AL. | | |

On December 7, 2015, defendants filed a motion to dismiss several of the claims in plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 21. Specifically, defendants seek to dismiss plaintiff's first and second claims, for retaliation in violation of the California Labor Code, plaintiff's fourth claim, for retaliation in violation of 42 U.S.C. § 1981, and plaintiff's seventh claim, for intentional infliction of emotional distress. Id. In addition, defendants seek to dismiss defendant Albrecht from this action. Id. On December 7, 2015, defendants also filed a motion to strike portions of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(f). On February 5, 2016, plaintiff filed oppositions to both of defendants' motions. Dkt. 39, 42. On February 12, 2016, defendants filed replies in support of both of their motions. Dkt. 51, 52. Defendants' motions are presently before the Court.

## II. BACKGROUND

Plaintiff alleges the following facts in his complaint: In 2004, plaintiff was hired by defendant Starz as its Senior Vice President of Sales and Affiliate Marketing. Compl. ¶ 19. In this role, plaintiff held management responsibility for Starz' accounts with several of its' distributors, including DirecTV, Dish Network, Verizon FiOS, and AT&T U-verse. Id. ¶ 20. Plaintiff states that, throughout his employment at Starz, he has been troubled by what he perceives as a lack of diversity among Starz senior level management. Id. ¶ 18. For example, plaintiff asserts that, at the time of his termination from Starz, he was the only senior-level African-American at Starz. Id. Plaintiff claims that, as a senior executive at Starz, he advocated on behalf of women and minorities by, among other things, speaking to human resources about the lack of diversity at Starz and prioritizing the hiring of women and minorities in his department. Id. ¶ 25. Nonetheless, plaintiff states that these actions exposed him to ridicule at the hands of Starz' management. Id.

On August 16, 2013, defendant Thornton was named Starz' Chief Revenue Officer and became plaintiff's direct supervisor. Id. ¶ 23. In 2013 and 2014, plaintiff raised concerns to the management of Starz regarding two practices he believed were unlawful. First, in January 2013, Starz announced the appointment of Derek Chang, a former Executive Vice President at DirecTV, to its board of directors. Id. ¶ 31. Plaintiff informed Starz management, including Thornton, that he believed Chang could use confidential information he had obtained from DirecTV, such as DirecTV's proprietary information concerning its pricing and licensing fees, for his own benefit. Id. Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-09239-CAS(MRWx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | KENO V. THOMAS V. STARZ ENTERTAINMENT LLC, ET AL. | | |

states that the management personnel to whom he raised these concerns agreed with plaintiff that there may be a risk of Chang improperly using DirectTV's confidential information for his own benefit. Id. However, when plaintiff raised the issue again a few months later, Thornton threatened to fire plaintiff if he ever spoke about the matter again. Id. ¶ 32.

Second, plaintiff alleges that he disclosed to Thornton that he believed Starz had obtained a favorable deal with one of its major distributors, Comcast, as a result of "illegal insider manipulation and unfair influence on a pending merger." Id. ¶¶ 33, 40. Specifically, plaintiff alleges that, in early 2014, "Comcast's affiliate carriage contract with Starz was set to expire" and, that "it was . . . anticipated among Starz' executives that Comcast would . . . seek to negotiate a new affiliate carriage contract." Id. ¶ 34. Plaintiff further alleges that, at the same time, Comcast and Time Warner Cable, another distribution company, were attempting to obtain federal approval for a merger of their two companies. Id. ¶ 35. Plaintiff contends that "the FCC and Department of Justice were scrutinizing the proposed Comcast and Time Warner Cable merger," and that, "[s]o the merger could receive governmental approval," Comcast and Time Warner Cable had proposed to sell a millions of their subscribers to a third distribution company, Charter. Id. Plaintiff alleges that a member of the Starz board of directors, Gregory Maffei, who is also on the Charter board of directors, was able to demand that, as a "part of the Charter/Comcast deal, Comcast extend its Starz affiliate carriage deal at a loss for Comcast and a great profit for Starz." Id. ¶ 38. Plaintiff states that when he learned of these events he was concerned that they may constitute "insider manipulation and undue influence on a pending merger." Id. ¶ 40. However, when plaintiff raised these concerns with Thornton, "Thornton sternly warned [plaintiff] to never repeat what he just said because it could cost [plaintiff] his job." Id.

In Fall 2013, Starz and DirecTV entered into negotiations because their existing contract was set to expire on August 31, 2014. Id. ¶ 41. Plaintiff alleges that Thornton repeatedly threatened to fire plaintiff, who was largely responsible for the DirecTV negotiations, if the deal was not completed by August 31, 2014. Id. By February 2014 Starz and DirecTV had not concluded their negotiations and DirecTV began removing Starz from its marketing packages. Id. ¶ 42. Plaintiff alleges that by mid-2014, Thornton and other Starz executives, began excluding plaintiff from meetings and emails regarding the DirectTV negotiations. Id. ¶ 45. Plaintiff states that negotiations between Starz and DirectTV intensified in the Summer of 2014. Id. ¶ 47. But plaintiff alleges he was left

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09239-CAS(MRWx) | Date | February 29, 2016 |
| Title | KENO V. THOMAS V. STARZ ENTERTAINMENT LLC, ET AL. | | |

out of key meeting and emails, and that Thornton negotiated directly with DirecTV on behalf of Starz. Id. ¶¶ 47-49. By mid-August 2014, plaintiff had been so excluded from the DirecTV negotiations that Thornton refused even to tell plaintiff about Starz's negotiations strategy with DirecTV. Id. ¶¶ 52-53. On August 22, 2014, Starz and DirecTV executed an agreement extending their contract. Id. ¶ 55.

Beginning in the Summer of 2014, plaintiff states that, he "began experiencing significant emotional distress and health deterioration, in large part due to . . . Starz' deplorable treatment of him." Id. ¶ 63. During the week of September 8, 2014, plaintiff states that his health "reached a breaking point" forcing him to miss work. Id. Shortly thereafter, plaintiff took a three-week medical leave of absence for alleged depression and anxiety. Id. ¶ 64. The week that plaintiff returned from his medical leave, Starz terminated his employment. Id. ¶ 65.

## III. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:15-cv-09239-CAS(MRWx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | KENO V. THOMAS V. STARZ ENTERTAINMENT LLC, ET AL. | | |

conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

### B. Motion to Strike

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09239-CAS(MRWx) | Date | February 29, 2016 |
| Title | KENO V. THOMAS V. STARZ ENTERTAINMENT LLC, ET AL. | | |

Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

## IV.   ANALYSIS

### A.   Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

#### 1.   Defendant Chris Albrecht

Defendants move to dismiss defendant Albrecht from this action. Plaintiff's complaint names Albrecht in the caption of the complaint and describes him as Starz' President and Chief Executive Officer. Compl. ¶ 7. However, none of the complaints seven claims for relief is pleaded against Albrecht as a defendant, nor does plaintiff identify any conduct by Albrecht in any of his claims for relief. Plaintiff "acknowledges that the Complaint erroneously omits Albrecht from the individual causes of action, but requests leave to amend so that these claims and the supporting factual allegations may be added."

Accordingly, the Court GRANTS WITHOUT PREJUDICE defendants' motion to dismiss defendant Albrecht from this action.

#### 2.   Retaliation in Violation of Labor Code §§ 1102.5(b)-(c)

Plaintiff's first and second claims are for retaliation in violation of Labor Code § 1102.5(b) and (c), respectively. Section 1102.5(b) prohibits retaliation against an employee for *disclosing information* regarding "a violation of state or federal statute, or a violation or noncompliance with a local, state, or federal rule or regulation." Similarly, Section 1102.5(c) prohibits retaliation against an employee for *refusing to participate* in "a violation of state or federal statute, or a violation or noncompliance with a local, state, or federal rule or regulation." "To establish a prima facie case for retaliation under section 1102.5, an employee must show (1) that he engaged in protected activity, (2) that he was thereafter subjected to an adverse employment action by his employer, and (3) that there was a causal link between the protected activity and the adverse employment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-09239-CAS(MRWx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | KENO V. THOMAS V. STARZ ENTERTAINMENT LLC, ET AL. | | |

action." Love v. Motion Indus., Inc., 309 F. Supp. 2d 1128, 1134 (N.D. Cal. 2004). In this context, protected activity includes "the disclosure of or opposition to a violation of a state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.' " La v. San Mateo Cnty Transit Dist., 2014 WL 4632224, at *4 (N.D. Cal. Sep. 16, 2014) (citing Edgerly v. City of Oakland, 211 Cal. App. 4th 1191, 1199 (2012) (internal quotations marks and citations omitted)).

In his first claim, plaintiff states that Starz retaliated against him "for reporting . . . illegal and unethical conduct to his direct supervisors." Compl. ¶ 70. Likewise, in his second claim, plaintiff states that Starz retaliated against him for "refusing to participate in behavior that he reasonably believed was unlawful." However, nowhere in plaintiff's complaint does he identify which statute, rule, or regulation Starz conduct allegedly violated. Defendants argue that this renders plaintiffs first two claims deficient. The Court agrees.

To state a claim for retaliation under section 1102.5, a "[p]laintiff must be able to identify a specific state or federal statute, rule, or regulation which he believed [d]efendants were violating." Prem v. Access Servs., Inc., 2011 WL 1519243, at *3 (C.D. Cal. Apr. 20, 2011) (citing Carter v. Escondido Union High Sch. Dist., 148 Cal. App. 4th 922, 933 (Ct. App. 2007)). Numerous courts have held that a plaintiff fails to state a claim under section 1102.5 where they fail to identify the specific statute, rule, or regulation underlying their claim for retaliation. See, e.g., Layton v. Terremark N. Am., LLC, 2014 WL 2538679 at *3 (N.D. Cal. June 5, 2014) ("[Plaintiff] must be able to identify a specific state or federal statute, rule, or regulation which he believed Defendants were violating."); Dauth v. Convenience Retailers, LLC, 2013 WL 5340396 at * 2 (N.D. Cal. Sept. 24, 2013) ("Plaintiff must specify the law, rule, or regulation that supports her claim."); Thomsen v. Sacramento Metro. Fire Dist., 2009 WL 8741960 at *16 (E.D. Cal. Oct. 20, 2009) ("[I]t is unclear from the face of the complaint what state or federal statute was . . . violated."); La, 2014 WL 4632224, at *5 ("Although there is some split of authority, the majority of courts require plaintiffs bringing section 1102.5(b) claims to allege the specific rule, regulation or statute they reasonably believed had been violated, and the factual basis for their reasonable belief."). Accordingly, because plaintiff has failed to identify any underlying statute, rule, or regulation on which his retaliation claims are based, he has failed to state a claim under section 1102.5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09239-CAS(MRWx) | Date | February 29, 2016 |
| Title | KENO V. THOMAS V. STARZ ENTERTAINMENT LLC, ET AL. | | |

     Plaintiff resists this conclusion and relies on Madrid v. County of Mono, 2014 WL 2889910 (E.D. Cal. June 25, 2014). In that case, the court stated: "While citing a specific law may be necessary to withstand a motion for summary judgment for a claim under section 1102.5, it is not necessary at this stage in the proceedings[—a motion under Rule 12(b)(6)]." Madrid, 2014 WL 289910, at *5. Rather, the court found that the plaintiff had sufficiently stated a claim under section 1102.5 where he alleged the factual basis for his claim and where he identified the specific laws that had been violated in his opposition brief. See id. ("[I]n any event, as Plaintiff makes clear *in his Opposition*, falsification of a police report by an officer is a crime under California Penal Code sections 118.1.") (emphasis added). However, on this point, the Madrid court stands starkly in the minority of courts to have considered what is required to state a claim under section 1102.5. Moreover, the Madrid court cites no authority in support of its conclusion, makes no effort to distinguish the numerous contrary decisions cited above, and, in fact, does not even acknowledge the existence of those decisions. Thus, while the Court recognizes Madrid as contrary authority, it determines to follow the many courts which have found that a plaintiff stating a claim under section 1102.5 must identify the specific statute, rule, or regulation which he reasonably believed defendants had violated.

     Finally, the Court notes that a rule requiring a plaintiff to allege in his complaint the statutes underlying his section 1102.5 claim is consistent with well-established Ninth Circuit authority holding that the basis of a plaintiff's claim must be set forth *in the complaint*. See Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (quoting Schneider v. Cal. Dep't. of Corr., 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998)).

     For the foregoing reasons, the Court GRANTS WITHOUT PREJUDICE defendants' motion to dismiss plaintiffs first and second claims for retaliation in violation of Labor Code §§ 1102.5(b) and (c).

     **3.    42 U.S.C. § 1981**

     Plaintiff's fourth claim is for retaliation in violation of section 1981. Defendants move to dismiss defendant Thornton on the grounds that section 1981 does not impose liability on individuals.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-09239-CAS(MRWx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | KENO V. THOMAS V. STARZ ENTERTAINMENT LLC, ET AL. | | |

The Ninth Circuit has not conclusively determined whether section 1981 imposes liability on individuals.[1] However, virtually every other circuit to have considered this issue has concluded that individuals may be held liable under section 1981. See, e.g., Tolbert v. Smith, 790 F.3d 427, 434 n.3 (2d. Cir. 2015) ("Section 1981 provides for individual liability."); Jones v. Continental Corp., 789 F.2d 1225, 1231 (6th Cir. 1986) ("[T]he law is clear that individuals may be held liable for violations of § 1981 . . . ."); Al-Khazraji v. Saint Francis College, 784 F.2d 505, 518 (3d. Cir. 1986) ("employees of a corporation may become personally liable when they intentionally cause an infringement of rights protected by 42 U.S.C. § 1981, regardless of whether the corporation may also be held liable."); Musikiwamba v. ESSI, Inc., 760 F.2d 740, 753 (7th Cir. 1985) (recognizing that individual liability may be imposed under section 1981); see also Bruin v. Mills College, 2007 WL 419783, at *2 (N.D. Cal. Feb. 6, 2007) (noting that, while the Ninth Circuit has not addressed whether a plaintiff may bring a claim against an individual under section 1981, "[t]he vast majority (if not all) of other circuits sustain such claims.").

Numerous district courts in the Ninth Circuit have also concluded that section 1981 gives rise to individual liability. See, e.g., Leiland v. City and Cnty. of San Francisco, 567 F. Supp. 2d 1079, 1089 (N.D. Cal. 2008) ("with respect to the individual defendants—Gilman, Logia and Dang—they may be individually liable under sections 1983 and 1981"); Santos v. Merrill College, 2008 WL 31696, at *2 (N.D. Cal. Jan. 11, 2008) ("The Court, however, does not dismiss the § 1981 claim against Ms. Mack in her individual capacity."); Perez-Farias v. Global Horizons, Inc., 2008 WL 833055, at *8 (E.D. Wash. Mar. 27, 2008) ("Defendants argue that an individual cannot be held liable

---

[1] In Bell v. Clackamas County, 341 F.3d 858 (9th Cir. 2003), the Ninth Circuit upheld a jury verdict imposing individual liability on a section 1981 retaliation claim where the individual defendants had personally taken retaliatory actions. Id. at 867. ("Our careful review of the record also leads us to uphold the jury's verdict imposing individual liability against all defendants, except Detloff, under 42 U.S.C. §§ 1981 and 1983.") While not conclusive, Bell suggests that the Ninth Circuit would hold that section 1981 imposes liability on individuals. See also Conti v. Corp. Servs. Grps., 2013 WL 2297143, at *2 (W.D. Wash. May 24, 2013) ("Bell illustrates that individual liability via § 1981 requires only that an individual engage in conduct that the statute makes unlawful.").

Case 2:15-cv-09239-CAS-AFM   Document 54   Filed 02/29/16   Page 10 of 20   Page ID #:984

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-09239-CAS(MRWx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | KENO V. THOMAS V. STARZ ENTERTAINMENT LLC, ET AL. | | |

for the corporation's act of discrimination, unless the plaintiff can show that the corporate veil should be pierced. This is not a correct statement of the law with regard to § 1981 discrimination."); Carrea v. California, 2009 WL 1770130, at *5 (C.D. Cal. Jun. 18, 2009) (recognizing individual liability under section 1981); Kaulia v. Cnty. of Maui Dept. of Pub. Works & Waste Mgmt., 504 F. Supp. 2d 969, 981 (D. Hawaii 2007) (same); but see Dickerson v. Cal. Waste Sols., 2009 WL 2913452, at *8 (N.D. Cal. Sep. 8, 2009) ("Supervisors cannot be held accountable for claims of retaliation under 42 U.S.C. [§] 1981."). In short, while the Ninth Circuit may not have definitively weighed in on the scope of liability under section 1981, the weight of authority holds that individuals may be held liable under section 1981.

Defendants resist this conclusion. They argue that the Ninth Circuit has repeatedly refused to extend liability to individuals under other employment discrimination statutes analogous to section 1981, such as Title VII and the Age Discrimination and Employment Act ("ADEA"). They also note that the Ninth Circuit has instructed that "those legal principles guiding a court in a Title VII dispute apply with equal force in a § 1981 action." Mot., at 14 (citing Manatt v. Bank of America, NA, 339 F.3d 792, 797 (9th Cir. 2003)); see also Fonesca v. Sysco Food Servs. of Arizona, Inc., 374 F.3d 840, 850 (9th Cir. 2004) ("Analysis of an employment discrimination claim under § 1981 follows the same legal principles as those applicable in a Title VII disparate treatment case."). Defendants contend that, against the backdrop of this case law, it is likely that the Ninth Circuit would hold, as it did in the context of Title VII, the ADEA, and other statutes, that section 1981 does not give rise to individual liability. However, this argument is unavailing.

First, defendants overstate the significance of cases such as Manatt and Fonesca in which the Ninth Circuit has stated that actions brought under section 1981 are governed by the same legal principles as actions brought under Title VII. While these cases recognize that there are substantial similarities between section 1981 and Title VII, they express no opinion regarding the appropriate scope of liability under section 1981. Rather, in Manatt the Ninth Circuit analogized to Title VII to find that a claim for hostile work environment was actionable under both section 1981 and Title VII. 339 F.3d at 797. Likewise, in Fonesca the Ninth Circuit looked to Title VII with regard to the elements of a disparate treatment claim and the evidence necessary to defeat summary judgment. 374 F.3d at 850 ("Analysis of an employment discrimination claim under § 1981 follows the same legal principles as those applicable in a Title VII disparate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09239-CAS(MRWx) | Date | February 29, 2016 |
| Title | KENO V. THOMAS V. STARZ ENTERTAINMENT LLC, ET AL. | | |

treatment case. Both require proof of discriminatory treatment and the same set of facts can give rise to both claims."). Neither of these cases states that Title VII's rules governing individual liability should apply to claims brought under section 1981.

Moreover, numerous courts have recognized the similarities between section 1981 and Title VII and, nonetheless, found that individual liability is permissible under section 1981 and impermissible under Title VII. In fact, as plaintiff's note, the Second, Third, Fourth, Fifth, Sixth, Seventh, Tenth, and Eleventh Circuits each hold that individual liability may exist under section 1981, but not under Title VII and other anti-discrimination statutes. See, e.g., Tolbert, 790 F.3d at 434, n.3 ("Section 1981 provides for individual liability. Title VII does not."); Cardenas v. Massey, 269 F.3d 251, 268 (3d. Cir. 2001) ("Although claims against individual supervisors are not permitted under Title VII, this court has found individual liability under § 1981"); Foley v. Univ. of Houston Sys., 355 F.3d 333, 340 n.8 (5th Cir. 2003) (noting that section 1981 and Title VII are "parallel causes of action," but holding that "*[u]nlike section 1981* . . . relief under Title VII is available only against an employer, not an individual supervisor or fellow employee.") (emphasis added).

The reason for this distinction is that Title VII imposes liability only on "employers," and defines "employer" as "a person" employing a minimum number of persons. See 42 U.S.C. § 2000e(b); see also Miller v. Maxwell's Intern. Inc., 991 F.2d 583, 587 (9th Cir. 1993) ("The statutory scheme itself indicates that Congress did not intend to impose individual liability on employees. Title VII limits liability to employers with fifteen or more employees"). Section 1981, on the other hand, is not limited to workplace discrimination, but rather broadly protects "[a]ll persons within the jurisdiction of the United States" from discrimination. 42 U.S.C. § 1981(a); see also Santiago v. City of Vineland, 107 F. Supp. 2d 512, 541 (D.N.J. 2000) ("[S]ection 1981 applies to a broad range of contractual relationships while Title VII is limited to discrimination in the workplace only. More importantly, the statutory language of Title VII clearly imposes liability only upon 'employer[s],' as defined by the statute, while section 1981 does not contain such a limitation."); see also Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 237 (1969) (noting "the broad and sweeping nature of the protection meant to be afforded by section 1 of the Civil Rights Act of 1866," from which section 1981 derives).

Case 2:15-cv-09239-CAS-AFM Document 54 Filed 02/29/16 Page 12 of 20 Page ID #:986

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-09239-CAS(MRWx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | KENO V. THOMAS V. STARZ ENTERTAINMENT LLC, ET AL. | | |

Accordingly, the Court rejects defendants argument that there is no individual liability under section 1981. For this reason, the Court DENIES defendant's motion to dismiss plaintiff's fourth claim, for retaliation in violation of section 1981, against defendant Thornton.

### 4. Intentional Infliction of Emotional distress

Plaintiff's seventh claim is for intentional infliction of emotional distress. Defendants argue that, because plaintiff's emotional distress claim arises out of the context of his employment with Starz, it is barred by California's Workers' Compensation Act. "Injuries sustained and arising out of the course of employment are generally subject to the exclusive remedy of worker's compensation." Thibeaux v. GEO Grp., Inc., 2014 WL 6693782, at *1 (S.D. Cal. Nov. 25, 2014) (citing Cal. Lab. Code § 3600). Under California law, claims for intentional infliction of emotional distress that are based solely on conduct which forms a "normal part of the employment relationship" are governed exclusively by workers' compensation. See Cole v. Fair Oaks Fire Protection District, 43 Cal.3d 148, 160 (1987) ( "[W]hen the misconduct attributed to the employer is actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability"); see also Mueller v. Cnty. of Los Angeles, 176 Cal. App. 4th 809, 823 (2009) ("California Supreme Court cases hold there is no independent recovery for intentional infliction of emotional distress in the employment arena because that injury comes under the exclusive remedy of worker's compensation law.")

Here, in describing his claim for intentional infliction of emotional distress, plaintiff alleges that "[t]he conduct of Mr. Thornton, as alleged above, was outrageous" and "result[ed] in severe emotional distress caused to the plaintiff." Compl. ¶ 98. While plaintiff does not specify what conduct by Thornton was "outrageous," all of Thornton's conduct described in the complaint occurred in the context of plaintiff's employment with Starz. For example, plaintiff states repeatedly that Thornton threatened to fire him. See, e.g., Compl. ¶ 32 ("Mr. Thornton threatened to fire [plaintiff]"); Id. ¶ 40 ("Mr. Thornton sternly warned [plaintiff] to never repeat what he just said because it could cost [plaintiff] his job. Mr. Thornton then stormed off angrily."). Plaintiff also alleges that "Mr.

Case 2:15-cv-09239-CAS-AFM   Document 54   Filed 02/29/16   Page 13 of 20   Page ID #:987

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:15-cv-09239-CAS(MRWx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | KENO V. THOMAS V. STARZ ENTERTAINMENT LLC, ET AL. | | |

Thornton and other Starz' executives began excluding [plaintiff] from meetings and emails," Id. ¶ 45, and that, when plaintiff would raise concerns with Thornton or other executives, his concerns were often "dismissed" or "brushed aside," Id. ¶¶ 28,42. In one instance, plaintiff states that, after he voiced concerns in a meeting about defendant Albrecht's "domestic violence history," Thornton "berated" plaintiff and "warn[ed] him to be careful because Mr. Albrecht could retaliate against him." Id. ¶ 28. Finally, plaintiff alleges that defendants "terminated him, exacerbating his emotional distress and health deterioration." Id. ¶ 65.

      All of this alleged conduct occurred while plaintiff was either at work, performing functions required by his employment, or attending meetings regarding his work at Starz. Moreover, the majority, if not all, of Thornton's alleged misconduct relates to Thornton's efforts to discipline, and ultimately fire, plaintiff. Plaintiff's claim for emotional distress is thus based solely on conduct which forms a "normal part of the employment relationship." See Accardi v. Superior Court, 17 Cal. App. 4th 341, 352 (1993) ("Emotional distress caused by misconduct in employment relations involving, for example, promotions, demotions, criticism of work practices, [or] negotiations as to grievances, is a normal part of the employment environment."), disapproved of on other grounds, Richards v. CH2M Hill, Inc., 26 Cal. 4th 798, 802 (2001); see also Langevin v. Federal Exp. Corp., 2015 WL 1006367, at*8 (C.D. Cal. Mar. 6, 2015) (Morrow, J.) (finding that conduct alleged by plaintiff formed "an inherent part of a typical employment relationship" where "the false write-ups, discipline, demotion, and humiliation he allegedly suffered all occurred at the jobsite and affected generally recognized aspects of the normal employment relationship."); Obacz v. Northridge Hospital Medical Center, No. B246092, 2015 WL 294828, *5 (Cal.App. Jan. 22, 2015) (Unpub.Disp.) ("[Plaintiff's] factual contentions regarding intentional and negligent infliction of emotional distress are entirely based on employment-related conversations she had at work with her managers, which she alleges insulted her honor, caused her to cry, and humiliated her. Although the misconduct, if true, is inappropriate, [plaintiff] is nonetheless barred from recovering for her emotional distress in tort. Her injuries clearly occurred at the worksite and in the normal course of the employer-employee relationship."). Accordingly, plaintiff's claim for intentional infliction of emotional distress is preempted by the Worker's Compensation Act.

      Plaintiff resists this conclusion and argues that his emotional distress claim should not be preempted. The California Supreme Court has recognized two exceptions to

Case 2:15-cv-09239-CAS-AFM   Document 54   Filed 02/29/16   Page 14 of 20   Page ID #:988

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-09239-CAS(MRWx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | KENO V. THOMAS V. STARZ ENTERTAINMENT LLC, ET AL. | | |

Worker's Compensation Act preemption, which apply to claims for intentional infliction of emotional distress: (1) if the employer's conduct "contravenes fundamental public policy"; and (2) if the employer's conduct "exceeds the risks inherent in the employment relationship." Livitsanos v. Superior Court, 2 Cal. 4th 744, 754 (1992); see also Langevin, 2015 WL 1006367, at*8 ("[F]or the California Worker's Compensation Act ('WCA') to bar an IIED claim: '(1) the employer's conduct must not contravene fundamental public policy; and (2) the employer's conduct must be within the normal risks of the employment relationship.' ").

The California Supreme Court has since clarified the "fundamental public policy" exception set forth in Livitsanos. Specifically, the Court has explained that the exception for conduct that "contravenes fundamental public policy" was merely intended to permit the filing of an action for wrongful discharge in violation of public policy, notwithstanding the provisions of the Worker's Compensation Act. See Miklosy v. Regents of Univ. Of California, 44 Cal. 4th 876, 902-03 (2008) ("Nor are the exceptions stated in Livitsanos, of any help to plaintiffs here. The exception for conduct that 'contravenes fundamental public policy' is aimed at permitting a Tameny [*i.e.*, wrongful discharge] action to proceed despite the workers' compensation exclusive remedy rule.") (citing Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167, 164 (1980)). Accordingly, the "fundamental public policy" exception is of exceedingly limited import, and plaintiff does not argue that it should apply in this case. See also Smith v. Lowe's Hiw, Inc., 2014 WL 1419655, *6 (E.D. Cal. Apr. 14, 2014) ("[T]he exception for conduct that 'contravenes fundamental public policy' simply means that a wrongful termination claim is not preempted by the worker's compensation exclusive remedy rule (but the intentional infliction of emotional distress claim is)"); Ferretti v. Pfizer, Inc., 2012 WL 3638541, at *12 (N.D.Cal. Aug. 22, 2012) ("The Miklosy Court reasoned that the first exception . . . was meant to permit actions for wrongful termination in violation of a public policy (and not IIED claims)").

Plaintiff does, however, argue that his emotional distress claim falls under the exception for conduct that "exceeds the risks inherent in the employment relationship." More specifically, he argues that the conduct alleged in the complaint amounts to discrimination, and that discrimination is not a "risk inherent in the employment relationship." However, where an employer's alleged misconduct forms a normal part of the employment relationship, such as demotions, criticism, and negotiations of grievances, an employee who suffers emotional distress cannot avoid Worker's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-09239-CAS(MRWx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | KENO V. THOMAS V. STARZ ENTERTAINMENT LLC, ET AL. | | |

Compensation Act preemption by simply "characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability." Cole, 43 Cal. 3d 148, 160 233 Cal.Rptr. 308, 729 P.2d 743 (1987). Rather, California courts have instructed that, "[a]s a guiding principle, the court must consider only the acts themselves and not the motives behind the acts." Cifuentes v. Costco Wholesale Corp., No. B231684, 2012 WL 2814395, at *9 (Cal.App. Jul. 10, 2012) (Unpub.Disp.). Accordingly, "the critical issue" in worker's compensation preemption, "is whether the alleged acts, bereft of their motivation, can ever be viewed as a normal aspect of the employer relationship" Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund, 24 Cal.4th 800, 812 (2001). The conduct plaintiff has alleged in this case is the type of conduct courts have found falls within the normal "risks inherent in the employment relationship."

For example, in Singh v. Southland Stone, U.S.A., Inc., 186 Cal. App. 4th 338, 367-68 (2010), the California Court of Appeals found that the following conduct fell within the normal "risks inherent in the employment relationship":

> Singh sought damages for intentional infliction of emotional distress based on evidence that Johar mistreated him at work. Singh testified that Johar berated and humiliated him, criticized his job performance, and insulted him with profanities on a regular basis beginning in June 2005. Johar entered his office one day while Singh was eating lunch and working on his laptop computer. According to Singh, Johar was irate about something that he wanted immediately. When Singh responded that he would provide it after he finished eating lunch, Johar stated that he wanted it right away and slammed the laptop computer shut onto Singh's hand, which held a sandwich. Singh also testified that on another occasion, Johar shouted at him, grabbed his lapels, and threatened to throw him out of the office if he did not sign a release.

186 Cal. App. 4th 338, 367-68 (2010); See also Langevin, 2015 WL 1006367, at *12 ("The retaliatory acts alleged in the complaint—i.e., writing Langevin up for pretextual and fabricated reasons; yelling and screaming at him; seeking 'dirt' on Langevin that could be used to discipline or demote him; being hostile to him; and demoting him are the type of conduct that California courts, following Miklosy, have concluded falls within the

Case 2:15-cv-09239-CAS-AFM   Document 54   Filed 02/29/16   Page 16 of 20   Page ID #:990

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:15-cv-09239-CAS(MRWx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | KENO V. THOMAS V. STARZ ENTERTAINMENT LLC, ET AL. | | |

normal risks inherent in the employment relationship."). Conduct of this sort is indistinguishable from the conduct alleged in plaintiff's complaint.

In fact, courts have found that a plaintiff's intentional infliction of emotional distress claim is preempted, even where the plaintiff alleges discriminatory conduct. See, e.g., Thibeaux, 2014 WL 6693782, at *3 (finding that "even though Plaintiff has alleged unlawful discrimination and other misconduct," "Plaintiff's IIED claim is barred by the exclusivity provisions of worker's compensation. Plaintiff's claims involve his termination, which is a normal and inherent part of employment."); Jones v. Dep't of Corr. & Rehab., 152 Cal. App. 4th 1367, 1382 (2007) (holding that claim for intentional infliction of emotional distress was preempted by the Worker's Compensation Act, because "[e]ven if the discriminatory conduct [plaintiff] complained about 'may be characterized as intentional, unfair or outrageous, it is nevertheless covered by the workers' compensation exclusivity provisions.' ").

Finally, even if it were true that claims for intentional infliction of emotional distress that are predicated on discrimination are not preempted by the Worker's Compensation Act, it is not clear that plaintiff's claim for emotional distress is, in fact, based on discrimination. Plaintiff states that his claim for intentional infliction of emotional distress is based "not on the facts underlying his whistleblower claims, but rather on the facts underlying his discrimination claims." Opp. to Mot. to Dismiss, at 20-21. But plaintiff does not have any discrimination claims. In his complaint, plaintiff asserts seven claims for relief—one claim for intentional infliction of emotional distress and six claims relating to retaliation. In each of the retaliation claims, plaintiff asserts that he disclosed, called into question, or otherwise challenged conduct by Starz's employees which he believed was unlawful or unethical and that defendants retaliated against him for reporting this conduct. In his papers, plaintiff even admits that his claims do not arise out of discrimination he may have suffered personally, but rather out of retaliation for reporting on the conduct of others. See Opp. to Mot. to Strike, at 9 ("[Plaintiff] does not allege that he was fired because he is a minority, but rather because, *inter alia*, he complained about discrimination towards other individuals who are women and/or minorities."); Id. at 12 ("As noted, [plaintiff] is not suing Starz for discriminating against its employees; rather, he is suing Starz for, *inter alia*, unlawfully retaliating against him for complaining about discrimination.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09239-CAS(MRWx) | Date | February 29, 2016 |
| Title | KENO V. THOMAS V. STARZ ENTERTAINMENT LLC, ET AL. | | |

The California Supreme Court has expressly held that "whistle blower retaliation," of the sort alleged here, is a risk inherent in the employment relationship and is, therefore, preempted under the Worker's Compensation Act. See Miklosy v. Regents of Univ. of California, 44 Cal. 4th 876, 902-903 (2008); see also Langevin, 2015 WL 1006367, at *9 ("Defendants counter that the California Supreme Court's decision in Miklosy v. Regents of the University of California, 44 Cal.4th 876 (2008), forecloses Langevin's argument and demonstrates that, under clearly established California law, he cannot maintain an IIED claim against his supervisors based on their response to his reporting of FedEx's purportedly unlawful maintenance and service procedures. The court agrees.").[2]

---

[2] Plaintiff's argument that claims for emotional distress predicated on discrimination fall outside the scope of the Worker's Compensation Act appears to be based on the Ninth Circuit's decision in Miller v. Fairchild Industries, 885 F.2d 498 (9th Cir. 1989). In that case, two black female employees brought an action against their employer alleging they were discharged from their employment in retaliation for filing discrimination complaints with the Equal Employment Opportunity Commission. Id. at 502-03. In addition, the plaintiffs alleged "that they had suffered emotional distress as a result of being laid off following settlement negotiations concerning their *complaints of racial discrimination*"—in other words, retaliation. Id. at 510 (emphasis added). The Ninth Circuit ruled that the plaintiffs claims were not preempted, reasoning: "In our view, this is not a 'normal' pattern of events in the workplace, and no California court has characterized it as such." Id. However, the Ninth Circuit's decision in Miller predates the California Supreme Court's decision in Miklosy, which expressly held that retaliatory acts following complaints of purportedly unlawful activity *are* within the normal pattern of events in the workplace. See Miklosy, 44 Cal. 4th at 902-03. The California Supreme Court's decision in Miklosy is controlling on this issue of California state law. See also Edgerly v. City & Cnty. of San Francisco, 713 F.3d 976, 982 (9th Cir. 2013) ("In a case requiring a federal court to apply California law, the court must apply the law as it believes the California Supreme Court would apply it.") (citations omitted).

In addition, some courts have held that claims for emotional distress predicated on discriminatory acts are not preempted, reasoning that discrimination contravenes the "fundamental public policy" of California. See, e.g., Leibert v. Transworld Sys., Inc., 32 Cal. App. 4th 1693, 1706-07 (Cal. Ct. App. 1995) ("[T]hese alleged actions constitute discrimination in violation of a fundamental public policy of this state. Such misconduct lies outside of the exclusive remedy provisions of the Labor Code."). However, as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09239-CAS(MRWx) | Date | February 29, 2016 |
| Title | KENO V. THOMAS V. STARZ ENTERTAINMENT LLC, ET AL. | | |

Accordingly, for all of the foregoing reasons, the Court finds that plaintiff's claim for intentional infliction of emotional distress is preempted by the Worker's Compensation Act. Defendants' motion to dismiss is, therefore, GRANTED WITHOUT PREJUDICE.

**B.  Defendant's Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)**

Defendants move to strike several of the paragraphs in plaintiff's complaint which they contend "have no legal significance and are designed solely to smear Defendants in the press." Mot. to Strike, at 1. Specifically, defendants object that several paragraphs of the complaint raise allegations regarding the television industry in general, as opposed to Starz—the company at issue in this case. Defendants also argue that several of the allegations in the complaint concern historical allegations of discrimination at Starz, which predate the central events in this case. Other allegations, defendants note, concern the programing decisions of Starz, which defendants contend are not relevant to this lawsuit. Finally, defendants contend that plaintiff "gratuitously includes in his complaint allegations of domestic violence involving 50 Cent and Starz' CEO, Chris Albrecht." Id. at 2.

The Court finds that, with the exception of the allegations of domestic violence, none of the allegations identified by defendants should be stricken. As a general matter, the Court notes that motions to strike are disfavored. Int'l Longshoreman's Assoc. v. Va. Int'l Terminals, Inc., 904 F.Supp. 500, 504 (E.D. Va.1995) ("even a properly made

---

explained above, in Miklosy, the California Supreme Court clarified that the fundamental public policy exception is limited to permitting plaintiffs to assert wrongful discharge in violation of public policy claims, i.e. Tameny claims, not intentional infliction of emotional distress claim. Yau v. Santa Margarita Ford, Inc., 229 Cal. App. th 144, 161 (Cal. Ct. App. 2014) ("[Plaintiff] relies on a series of cases that have found exceptions to this general rule of preemption when the intentional infliction of emotional distress claim is based on conduct that violates a fundamental public policy. Those cases were decided before our Supreme Court's decision in Miklosy [ ] which held the exception to workers' compensation preemption for employer 'conduct that 'contravenes fundamental public policy' is aimed at permitting a Tameny action [for wrongful discharge in violation of public policy] to proceed despite the workers' compensation exclusive remedy rule.' ").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09239-CAS(MRWx) | Date | February 29, 2016 |
| Title | KENO V. THOMAS V. STARZ ENTERTAINMENT LLC, ET AL. | | |

motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted"); Platte Anchor Bolt, Inc. v. IHI, Inc., 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) ("If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion."). Moreover, there does not appears to be a substantial risk of harm to the parties if these allegations remain in plaintiff's complaint and, given the relatively limited import of pleadings in federal practice, the Court does not see a substantial benefit in striking these allegations. See also Fleshman v. Wells Fargo Bank, N.A., 2015 WL 4488163, at *14-15 (D. Or. Jul. 23, 2015) ("My review of these paragraphs indicates that while Plaintiffs plead several irrelevant facts as well as argumentative allegations in some of the challenged paragraphs, this is not a basis for striking in this case. . . Even if I assume that the paragraphs Defendant objects to fall within the purview of Rule 12(f) and are subject to being stricken, I would exercise my discretion in favor of not striking them. The objections are to particular allegations and not to an entire claim or a newly added party. They do not change the nature or the basis of the claims. Thus, while they may be immaterial or argumentative, they do not alter the litigation in any significant way. As a result, I allow them.").

However, with regard to the allegations of domestic violence against defendant Albrecht and non-party 50 Cent, the Court finds that these allegations are both irrelevant to the claims raised by plaintiff in this case and sufficiently inflammatory to warrant them being stricken from plaintiff's complaint. Plaintiff's claims in this case involve retaliation, wrongful termination, and emotional distress, none of which stems from either Albrecht or 50 Cent's purported histories of domestic violence. Moreover, including these allegations in plaintiff's complaint could serve only to cast these individuals in a negative light. See In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (" 'Scandalous' includes allegations that cast a cruelly derogatory light on a party or other person"); Cornerstone Staffing Solutions, Inc. v. James, 2013 WL 3568511, at *2 (N.D. Cal. Jul. 12, 2013) ("Statements may be stricken if they place 'undue emphasis on the criminal nature of Defendants' conduct in terms that have no bearing on the claims") (citations omitted). Accordingly, the Court grants defendants' motion to strike paragraphs 27 and 28 of plaintiff's complaint as well as Exhibit C, which is a news article describing an alleged incident of domestic violence involving Albrecht.

In accordance with the foregoing, the Court GRANTS in part and DENIES in part defendants' motion to strike.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-09239-CAS(MRWx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | KENO V. THOMAS V. STARZ ENTERTAINMENT LLC, ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS in part and DENIES in part** defendants' motion to dismiss plaintiff's motion to dismiss plaintiff's complaint pursuant to Federal rule of Civil Procedure 12(b)(6).  Specifically, the Court grants without prejudice defendant's motion to dismiss defendant Albrecht from this action and plaintiff's First, Second, and Seventh claims for relief.  Plaintiff may file an amended complaint addressing the deficiencies identified herein within **thirty (30) days**.  Failure to do so may result in dismissal of defendant Albrecht and plaintiff's claims with prejudice.

In addition, the Court **GRANTS in part and DENIES in part** defendants' motion to strike portions of plaintiffs's complaint pursuant to Federal rule of Civil Procedure 12(f).  Specifically, the Court grants defendants' motion to strikes paragraphs 27, 28, and Exhibit C from the complaint.

IT IS SO ORDERED.

|  | 00 | : | 13 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |