1   Dan Stormer, Esq. [S.B. # 101967]
     Cindy Pánuco, Esq. [S.B. #266921]
2   Brian Olney, Esq. [S.B. #298089]
     HADSELL STORMER & RENICK LLP
3   128 N. Fair Oaks Avenue
     Pasadena, California 91103
4   Telephone: (626) 585-9600
     Facsimile:  (626) 577-7079
5   Emails: dstormer@hadsellstormer.com
                  cpanuco@hadsellstormer.com
6                bolney@hadsellstormer.com

**NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT**

7   Robert D. Newman, Esq. [S.B. #86534]
     ROBERT D. NEWMAN, ATTORNEY AT LAW
8   3701 Wilshire Blvd., Suite 208
     Los Angeles, California 90010
9   Telephone:  (213) 487-7211
     Facsimile:  (213) 487-0242
10  Email:  rnewman@rdnewmanlaw.com

11  Attorneys for Plaintiff
     KENO V. THOMAS
12

13

14

15                       **UNITED STATES DISTRICT COURT**

16                       **CENTRAL DISTRICT OF CALIFORNIA**

17  KENO V. THOMAS,                              Case No.  2:15-cv-09239-CAS-AFM

18                         Plaintiff,

19           v.                                  STIPULATED PROTECTIVE
                                                 ORDER[1]
20  STARZ ENTERTAINMENT, LLC;
     MICHAEL THORNTON; AND DOES
21  1 through 10, inclusive,

22                         Defendant.

23

24

25

26

27  _____
     [1]  This Stipulated Protective Order is based substantially on the model protective
28  order provided under Magistrate Judge Alexander F. MacKinnon's Procedures.

ERIC J. AMDURSKY (S.B. #180288)
eamdursky@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California 94025-7019
Telephone:  650-473-2600
Facsimile:   650-473-2601

DANIEL PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
MARGARET L. CARTER (S.B. #220637)
mcarter@omm.com
CARLY B. EPSTEIN (S.B. #284775)
cepstein@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071
Telephone:  213-430-6000
Facsimile:   213-430-6407

Attorneys for Defendants
Starz Entertainment, LLC and
Michael Thornton

1.    A.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("this Order").   The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.    GOOD CAUSE STATEMENT

This action is likely to involve confidential and highly confidential, proprietary and trade secret information, and other commercial and financial information, the release of which would be detrimental to Defendant Starz Entertainment, LLC's ("Starz's") business if made public or shared with a customer's competitor.  This information warrants special protection from public disclosure and from use for any purpose other than prosecution of this action.  Such confidential and proprietary materials and information consist of, among other things, confidential business, personnel or financial information, including but not limited to information related to negotiations between Defendant Starz and its customers (including customers that are competitors of each other), customer rates, or customer fees, other information regarding confidential business practices, other confidential commercial information (including information implicating privacy rights of third parties), or information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over

- 1 -

1   confidentiality of discovery materials, to adequately protect information the parties
2   are entitled to keep confidential, to ensure that the parties are permitted reasonable
3   necessary uses of such material in preparation for and in the conduct of trial, to
4   address their handling at the end of the litigation, and serve the ends of justice, a
5   protective order for such information is justified in this matter.  It is the intent of the
6   parties that information will not be designated as confidential for tactical reasons
7   and that nothing be so designated without a good faith belief that it has been
8   maintained in a confidential, non-public manner, and there is good cause why it
9   should not be part of the public record of this case.

10

11       C.    ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER
12             SEAL

13       1.    The parties further acknowledge, as set forth in Section 12.3, below,
14   that this Stipulated Protective Order does not entitle them to file confidential
15   information under seal; Local Civil Rule 79-5 sets forth the procedures that must be
16   followed and the standards that will be applied when a party seeks permission from
17   the court to file material under seal.  The Parties are reminded of their obligation
18   under Local Civil Rule 79-5.2.2(b) to submit an Application for Leave to File
19   Under Seal if a Party intends to file a document with this Court containing
20   information previously designated as "CONFIDENTIAL" or" HIGHLY
21   CONFIDENTIAL" by another Party or Non-Party pursuant to this Stipulated
22   Protective Order.  If a Party fails to file "CONFIDENTIAL" or "HIGHLY
23   CONFIDENTIAL" information under seal pursuant to Local Rule 79-5, any person
24   who in good faith believes that filing under seal is required to protect its interests
25   may move the Court to seal the "CONFIDENTIAL" or "HIGHLY
26   CONFIDENTIAL" information within ten (10) court days of learning of the
27   allegedly defective filing.  Notice of such motion shall be given to all Parties.  The
28   Clerk shall seal the disputed part of the filing until the Court rules on the motion.

STIPULATED PROTECTIVE ORDER
CASE NO. 2:15-CV-09239-CAS (AFM)

1    There is a strong presumption that the public has a right of access to judicial
2  proceedings and records in civil cases.  In connection with non-dispositive motions,
3  good cause must be shown to support a filing under seal.  *See Kamakana v. City*
4  *and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen.*
5  *Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony*
6  *Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective
7  orders require good cause showing), and a specific showing of good cause or
8  compelling reasons with proper evidentiary support and legal justification, must be
9  made with respect to Protected Material that a party seeks to file under seal.  The
10  parties'   mere   designation   of   Disclosure   or   Discovery   Material   as
11  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not—without the
12  submission of competent evidence by declaration, establishing that the material
13  sought to be filed under seal qualifies as confidential, privileged, or otherwise
14  protectable—constitute good cause.

15    Further, if a party requests sealing related to a dispositive motion or trial,
16  then compelling reasons, not only good cause, for the sealing must be shown, and
17  the relief sought shall be narrowly tailored to serve the specific interest to be
18  protected.  *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir.
19  2010).  For each item or type of information, document, or thing sought to be filed
20  or introduced under seal in connection with a dispositive motion or trial, the party
21  seeking protection must articulate compelling reasons, supported by specific facts
22  and legal justification, for the requested sealing order.  Again, competent evidence
23  supporting the application to file documents under seal must be provided by
24  declaration.

25    Any document that is not confidential, privileged, or otherwise protectable in
26  its entirety will not be filed under seal if the confidential portions can be redacted.
27  If documents can be redacted, then a redacted version for public viewing, omitting
28  only the confidential, privileged, or otherwise protectable portions of the document,

- 3 -

1   shall be filed.  Any application that seeks to file documents under seal in their
2   entirety should include an explanation of why redaction is not feasible.

4   2.      DEFINITIONS

5       2.1    Action:  this pending federal lawsuit.

6       2.2    Challenging Party:  a Party or Non-Party that challenges the
7   designation of information or items under this Order.

8       2.3    "CONFIDENTIAL" Information or Items:  information (regardless of
9   how it is generated, stored or maintained) or tangible things that qualify for
10  protection under federal law, including Federal Rule of Civil Procedure 26(c), and,
11  as specified above in the Good Cause Statement, that embodies, contains or reflects
12  trade secrets, proprietary data, or commercial, financial or personal information that
13  is not generally known and which the Designating Party would not normally reveal
14  to third parties or which, if disclosed, would require such third parties to maintain it
15  in confidence.

16      2.4    "HIGHLY CONFIDENTIAL" Information or Items:  extremely
17  sensitive "Confidential Information or Items," including but not limited to contract
18  negotiations, rates, revenue and subscriber numbers, and contract terms, the
19  disclosure of which to another Party or Non-Party would create a substantial risk of
20  serious harm that could not be avoided by less restrictive means.

21      2.5    Counsel:  Outside Counsel of Record and House Counsel (as well as
22  their support staff).

23      2.6    Designating Party:  a Party or Non-Party that designates information or
24  items that it produces in disclosures or in responses to discovery as
25  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

26      2.7    Disclosure or Discovery Material:  all items or information, regardless
27  of the medium or manner in which it is generated, stored, or maintained (including,
28  among other things, testimony, transcripts, and tangible things), that are produced

- 4 -

1   or generated in disclosures or responses to discovery in this matter.

2      2.8   Expert: a person with specialized knowledge or experience in a matter

3   pertinent to the litigation who has been retained by a Party or its counsel to serve as

4   an expert witness or as a consultant in this Action.

5      2.9   House Counsel: attorneys who are employees of a party to this Action.

6   House Counsel does not include Outside Counsel of Record or any other outside

7   counsel.

8      2.10   Non-Party: any natural person, partnership, corporation, association or

9   other legal entity not named as a Party to this action.

10      2.11   Outside Counsel of Record: attorneys who are not employees of a

11   party to this Action but are retained to represent or advise a party to this Action and

12   have appeared in this Action on behalf of that party or are affiliated with a law firm

13   that has appeared on behalf of that party, and includes support staff.

14      2.12   Party: any party to this Action, including all of its officers, directors,

15   employees, consultants, retained experts, and Outside Counsel of Record (and their

16   support staffs) (collectively, the "Parties").

17      2.13   Producing Party: a Party or Non-Party that produces Disclosure or

18   Discovery Material in this Action.

19      2.14   Professional Vendors: persons or entities that provide litigation

20   support services (e.g., photocopying, videotaping, translating, preparing exhibits or

21   demonstrations, and organizing, storing, or retrieving data in any form or medium)

22   and their employees and subcontractors.

23      2.15   Protected Material: any Disclosure or Discovery Material that is

24   designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

25      2.16   Receiving Party: a Party that receives Disclosure or Discovery

26   Material from a Producing Party.

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. 2:15-CV-09239-CAS (AFM)

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

This Order does not govern the use of Protected Material at trial. The Parties agree to meet and confer at least three (3) months before trial is set to commence to agree upon a stipulated protective order to govern the use of Protected Material at trial. The Parties will submit a stipulated protective order intended to govern the use of Protected Material at trial to ~~this Court~~ *the trial judge* for ~~its~~ approval at least two (2) months before trial is set to commence.   *AFM*

4.    DURATION

The Parties remain in dispute regarding the terms of this Protective Order and are preparing a joint stipulation to seek judicial resolution of these issues pursuant to Local Rule 37-2. The Parties agree that the instant Protective Order shall remain in effect unless the Court enters any order modifying the Protective Order pursuant to the Parties' joint stipulation, and that the Parties' agreement to the instant Protective Order is done without prejudice to the Parties' right to seek or oppose the modifications identified in their joint stipulation. Any documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the instant Protective Order will receive the full protections under this order unless the *Magistrate* Judge's *AFM* order on the joint stipulation modifies those protections.

The terms of this Order will not apply to the introduction of exhibits or testimony used at the trial of this Action, except as may be agreed in writing by the Parties and as approved by the Court. As explained above, the Parties agree to meet and confer in advance of the commencement of trial to agree upon a stipulated

- 6 -

1  protective order to govern the use of Protected Material at trial.  The Parties will

2  submit that stipulated protective order to ~~this Court~~ *the trial judge* for ~~its~~ approval at least two (2) *AFM*

3  months before trial is set to commence.

4  / / /

5  5.   DESIGNATING PROTECTED MATERIAL

6       5.1   Exercise of Restraint and Care in Designating Material for Protection.

7  Each Party or Non-Party that designates information or items for protection under

8  this Order must take care to limit any such designation to specific material that

9  qualifies under the appropriate standards.  The Designating Party must designate for

10  protection only those parts of material, documents, items or oral or written

11  communications that qualify so that other portions of the material, documents,

12  items or communications for which protection is not warranted are not swept

13  unjustifiably within the ambit of this Order.

14       Mass, indiscriminate or routinized designations are prohibited.  Designations

15  that are shown to be clearly unjustified or that have been made for an improper

16  purpose (e.g., to unnecessarily encumber the case development process or to

17  impose unnecessary expenses and burdens on other parties) may expose the

18  Designating Party to sanctions.

19       If it comes to a Designating Party's attention that information or items that it

20  designated for protection do not qualify for protection, that Designating Party must

21  promptly notify all other Parties that it is withdrawing the inapplicable designation.

22       5.2   Manner and Timing of Designations.  Except as otherwise provided in

23  this Order (*see, e.g.,* second paragraph of section 5.2(a) below), or as otherwise

24  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

25  under this Order must be clearly so designated before the material is disclosed or

26  produced.

27       Designation in conformity with this Order requires:

28            (a)   for information in documentary form (*e.g.*, paper or electronic

- 7 -

1  documents, but excluding transcripts of depositions or other pretrial or trial
2  proceedings), that the Producing Party affix at a minimum, the legend
3  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or the legend
4  "HIGHLY CONFIDENTIAL" (hereinafter "HIGHLY CONFIDENTIAL legend"),
5  to each page that contains protected material.  If only a portion of the material on a
6  page qualifies for protection, the Producing Party also must clearly identify the
7  protected portion(s) (*e.g.*, by making appropriate markings in the margins).

8       A Party or Non-Party that makes original documents available for inspection
9  need not designate them for protection until after the inspecting Party has indicated
10  which documents it would like copied and produced.  During the inspection and
11  before the designation, all of the material made available for inspection shall be
12  deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." After the inspecting
13  Party has identified the documents it wants copied and produced, the Producing
14  Party must determine which documents, or portions thereof, qualify for protection
15  under this Order.  Then, before producing the specified documents, the Producing
16  Party must affix the "CONFIDENTIAL legend" or the "HIGHLY
17  CONFIDENTIAL legend" to each page that contains Protected Material.  If only a
18  portion of the material on a page qualifies for protection, the Producing Party also
19  must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings
20  in the margins).

21       (b)   for testimony given or exhibits presented in depositions, that the
22  Designating Party identify the testimony or exhibits as "CONFIDENTIAL" or
23  "HIGHLY CONFIDENTIAL" in writing within ten (10) court days after the court
24  reporter mails the final transcript of the deposition, all protected testimony and/or
25  exhibits, and specify the level of protection being asserted.  Until such designations
26  are due, the testimony and exhibits shall be treated as information properly
27  designated "HIGHLY CONFIDENTIAL."

28       (c)   for information produced in some form other than documentary

- 8 -

1  and for any other tangible items, that the Producing Party affix in a prominent place
2  on the exterior of the container or containers in which the information is stored the
3  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or
4  portions of the information warrants protection, the Producing Party, to the extent
5  practicable, shall identify the protected portion(s).

6      5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent
7  failure to designate qualified information or items does not, standing alone, waive
8  the Designating Party's right to secure protection under this Order for such
9  material.   A Designating Party that inadvertently fails to designate an item or
10  document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time it is
11  given, used, served, or produced may correct its failure in writing, accompanied by
12  a substitute copy of each item or document, appropriately designated as
13  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."   Once substitute copies
14  have been provided, all copies of the inadvertently unmarked items or documents
15  shall be destroyed or returned to the Producing Party. Upon timely correction of a
16  designation, the Receiving Party must make reasonable efforts to assure that the
17  material is treated in accordance with the provisions of this Order.

18
19  6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

20      6.1   <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a
21  designation of confidentiality at any time that is consistent with the Court's
22  Scheduling Order.

23      6.2   <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute
24  resolution process under Local Rule 37-1 *et seq.*

25      6.3   <u>Joint Stipulation</u>.  Any challenge submitted to the Court shall be via a
26  joint stipulation pursuant to Local Rule 37-2.

27      6.4   The burden of persuasion in any such challenge proceeding shall be on
28  the Designating Party.   Frivolous challenges, and those made for an improper

STIPULATED PROTECTIVE ORDER
CASE NO. 2:15-CV-09239-CAS (AFM)

1  purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other
2  parties) may expose the Challenging Party to sanctions.  Unless the Designating
3  Party has waived or withdrawn the confidentiality designation, all parties shall
4  continue to afford the material in question the level of protection to which it is
5  entitled under the Producing Party's designation until the Court rules on the
6  challenge.
7
8  7.   ACCESS TO AND USE OF PROTECTED MATERIAL
9      7.1   Basic Principles.  A Receiving Party may use Protected Material that is
10 disclosed or produced by another Party or by a Non-Party in connection with this
11 Action only for prosecuting, defending or attempting to settle this Action.  Such
12 Protected Material may be disclosed only to the categories of persons and under the
13 conditions described in this Order.  When the Action has been terminated, a
14 Receiving Party must comply with the provisions of section 13 below (FINAL
15 DISPOSITION).
16     Protected Material must be stored and maintained by a Receiving Party at a
17 location and in a secure manner that ensures that access is limited to the persons
18 authorized under this Order.
19     7.2   Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"
20 Information or Items.
21         (a)   Unless otherwise ordered by the Court or permitted in writing
22 by the Designating Party, a Receiving Party may disclose any information or item
23 designated "CONFIDENTIAL" only to:
24             (1)   the Receiving Party's Outside Counsel of Record in this
25 Action, as well as employees of said Outside Counsel of Record to whom it is
26 reasonably necessary to disclose the information for this Action;
27             (2)   the officers, directors, and employees (including House
28 Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

- 10 -

1 Action;

2         (3)    Experts (as defined in this Order) of the Receiving Party

3 to whom disclosure is reasonably necessary for this Action and who have signed

4 the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5         (4)    the Court and its personnel;

6         (5)    court reporters and their staff;

7         (6)    professional jury or trial consultants, mock jurors, and

8 Professional Vendors to whom disclosure is reasonably necessary for this Action

9 and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

10 A);

11         (7)    the author or recipient of a document containing the

12 information or a custodian or other person who otherwise possessed or knew the

13 information;

14         (8)    during their depositions, witnesses, and attorneys for

15 witnesses, in the Action to whom disclosure is reasonably necessary provided: (1)

16 the deposing party requests that the witness sign the form attached as Exhibit A

17 hereto; and (2) they will not be permitted to keep any information designated as

18 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" unless they sign the

19 "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

20 agreed by the Designating Party or ordered by the court.  Pages of transcribed

21 deposition testimony or exhibits to depositions that reveal Protected Material may,

22 upon request from the Designating Party, be separately bound by the court reporter

23 with a cover page that states: "This transcript portion contains information subject

24 to the Stipulated Protective Order and shall be used only in accordance therewith."

25 The separately bound portion of the deposition transcript may not be disclosed to

26 anyone except as permitted under this Stipulated Protective Order; and

27         (9)    any mediator or settlement officer, and their supporting

28 personnel, mutually agreed upon by any of the parties engaged in settlement

STIPULATED PROTECTIVE ORDER
CASE NO. 2:15-CV-09239-CAS (AFM)

1  discussions.

2      (b)     Unless otherwise ordered by the Court or permitted in writing by the

3  Designating   Party,   any   information   or   item   designated   as   "HIGHLY

4  CONFIDENTIAL" may be disclosed only to:

5              (1)     any Outside Counsel of Record in this Action, as well as

6  employees of said Outside Counsel of Record to whom it is reasonably necessary to

7  disclose the information for this Action;

8              (2)     Experts (as defined in this Order) of the Receiving Party

9  to whom disclosure is reasonably necessary for this Action and who have signed

10  the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

11             (3)     the Court and its personnel;

12             (4)     court reporters and their staff;

13             (5)     professional jury or trial consultants, and Professional

14  Vendors to whom disclosure is reasonably necessary for this Action and who have

15  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16             (6)     the author or recipient of a document containing the

17  information or a custodian or other person who otherwise possessed or knew the

18  information; and

19             (7)     any mediator or settlement officer, and their supporting

20  personnel, mutually agreed upon by any of the parties engaged in settlement

21  discussions.

22

23  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

24        IN OTHER LITIGATION

25        If a Party is served with a subpoena or a court order issued in other litigation

26  that compels disclosure of any information or items designated in this Action as

27  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

28             (a)     promptly   notify   in   writing   the   Designating   Party.   Such

- 12 -

1    notification shall include a copy of the subpoena or court order;

2              (b)     promptly notify in writing the party who caused the subpoena or

3    order to issue in the other litigation that some or all of the material covered by the

4    subpoena or order is subject to this Protective Order.   Such notification shall

5    include a copy of this Stipulated Protective Order; and

6              (c)     cooperate with respect to all reasonable procedures sought to be

7    pursued by the Designating Party whose Protected Material may be affected.

8              If the Designating Party timely seeks a protective order, the Party served with

9    the subpoena or court order shall not produce any information designated in this

10   action   as   "CONFIDENTIAL"   or   "HIGHLY   CONFIDENTIAL"   before   a

11   determination by the court from which the subpoena or order issued, unless the

12   Party has obtained the Designating Party's permission. The Designating Party shall

13   bear the burden and expense of seeking protection in that court of its confidential

14   material and nothing in these provisions should be construed as authorizing or

15   encouraging a Receiving Party in this Action to disobey a lawful directive from

16   another court.

17

18   9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

19           PRODUCED IN THIS LITIGATION

20             (a)     The terms of this Order are applicable to information produced

21   by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

22   CONFIDENTIAL." Such information produced by Non-Parties in connection with

23   this litigation is protected by the remedies and relief provided by this Order.

24   Nothing in these provisions should be construed as prohibiting a Non-Party from

25   seeking additional protections.

26             (b)     In the event that a Party is required, by a valid discovery

27   request, to produce a Non-Party's confidential information in its possession, and the

28   Party is subject to an agreement with the Non-Party not to produce the Non-Party's

- 13 -

1  confidential information, then the Party shall:

2           (1)   promptly notify in writing the Requesting Party and the
3  Non-Party that some or all of the information requested is subject to a
4  confidentiality agreement with a Non-Party;

5           (2)   promptly provide the Non-Party with a copy of the
6  Stipulated Protective Order in this Action, the relevant discovery request(s), and a
7  reasonably specific description of the information requested; and

8           (3)   make the information requested available for inspection
9  by the Non-Party, if requested.

10           (c)   If the Non-Party fails to seek a protective order from this court
11  within 14 days of receiving the notice and accompanying information, the
12  Receiving Party may produce the Non-Party's confidential information responsive
13  to the discovery request.  If the Non-Party timely seeks a protective order, the
14  Receiving Party shall not produce any information in its possession or control that
15  is subject to the confidentiality agreement with the Non-Party before a
16  determination by the court.  Absent a court order to the contrary, the Non-Party
17  shall bear the burden and expense of seeking protection in this court of its Protected
18  Material.

19

20  **10.**    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

21       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
22  Protected Material to any person or in any circumstance not authorized under this
23  Stipulated Protective Order, the Receiving Party must immediately (a) notify in
24  writing the Designating Party of the unauthorized disclosures, (b) use its best
25  efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the
26  person or persons to whom unauthorized disclosures were made of all the terms of
27  this Order, and (d) request such person or persons to execute the "Acknowledgment
28  and Agreement to Be Bound" that is attached hereto as Exhibit A.

- 14 -

1    11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

2            <u>PROTECTED MATERIAL</u>

3            The Parties agree to incorporate the following agreement regarding the effect

4    of disclosure of a communication or information protected by the attorney client

5    privilege or work product protection, and the obligations of Receiving Parties upon

6    receiving notice that certain inadvertently produced material was subject to a claim

7    of privilege or other protection.  If during document production, a Producing Party

8    inadvertently produces a document entitled to protection under the attorney-client

9    privilege, the attorney work product doctrine, or other provisions of applicable law:

10   (a) the Parties agree that the erroneous or inadvertent production shall not constitute

11   a waiver of such protection as to either the subject matter of the material or as to

12   related documents or communications; and (b) the Producing Party may request the

13   return of the inadvertently produced document at any time before the

14   commencement of trial, but no more than ten (10) court days after the document is

15   first marked as a deposition exhibit, identified as a potential trial exhibit, or

16   otherwise identified by any Party in any pleading or correspondence served on all

17   Parties to this action.  Any such request shall be made in writing, and shall identify

18   the basis for the claimed protection.   If the Receiving Party agrees that the

19   document is entitled to protection (without regard to its inadvertent production), all

20   copies of the inadvertently produced document shall be returned to the Producing

21   Party or destroyed, and no reference to such document shall be made in discovery,

22   at trial, or any other manner.  If the Parties do not agree that the document is

23   entitled to protection, the burden is on the Producing Party to file an appropriate

24   motion with the Court within twenty (20) court days after the document is first

25   marked as a deposition exhibit, identified as a potential trial exhibit, or otherwise

26   identified by any Party in any pleading or correspondence served on all Parties to

27   this action.  The Receiving Party must not disclose the information until the claim

28   is resolved by the Court.

- 15 -

12.   <u>MISCELLANEOUS</u>

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any

- 16 -

1   copies, abstracts, compilations, summaries or any other format reproducing or

2   capturing any of the Protected Material.  Notwithstanding this provision, Counsel

3   are entitled to retain an archival copy of all pleadings, motion papers, trial,

4   deposition, and hearing transcripts, legal memoranda, correspondence, deposition

5   and trial exhibits, expert reports, attorney work product, and consultant and expert

6   work product, even if such materials contain Protected Material.  Any such archival

7   copies that contain or constitute Protected Material remain subject to this Protective

8   Order as set forth in Section 4 (DURATION).

9   ///

10   14. <u>VIOLATION</u>

11        Any violation of this Order may be punished by appropriate measures

12   including, without limitation, contempt proceedings and/or monetary sanctions.

13

14   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

15

16   Dated:  February 24, 2017        By:    /s/   Eric J. Amdursky
                                            ERIC J. AMDURSKY (S.B. #180288)
17                                          eamdursky@omm.com
                                            O'MELVENY & MYERS LLP
18                                          2765 Sand Hill Road
                                            Menlo Park, California 94025-7019
19                                          Telephone:  650-473-2600
                                            Facsimile:   650-473-2601
20

21                                          Attorneys for Defendants
                                            Starz Entertainment, LLC and
22                                          Michael Thornton

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. 2:15-CV-09239-CAS (AFM)

1

2   Dated:  February 24, 2017        By:   /s/  Brian Olney

3                                         BRIAN OLNEY (S.B. #298089)
                                          bolney@hadsellstormer.com
                                          HADSELL STORMER & RENICK LLP
4                                         128 N. Fair Oaks Avenue
                                          Pasadena, California 91103
5                                         Telephone:  (626) 585-9600
                                          Facsimile:   (626) 577-7079
6

7                                         Attorneys for Plaintiff
                                          Keno V. Thomas
8

9

10  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

11  DATED:  _2/28/2017_

12

13

14  HON. ALEXANDER F. MacKINNON
    United States Magistrate Judge

15                         EXHIBIT A

16       ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

17       I, _____ [print   or   type   full   name],   of

18  _____ [print or type full address], declare under penalty of perjury

19  that I have read in its entirety and understand the Stipulated Protective Order that

20  was issued by the United States District Court for the Central District of California

21  on [date] in the case of *Keno Thomas v. Starz Entertainment, LLC et al.*, Case No.

22  2:15-cv-09239-CAS (AFM).  I agree to comply with and to be bound by all the

23  terms of this Stipulated Protective Order and I understand and acknowledge that

24  failure to so comply could expose me to sanctions and punishment in the nature of

25  contempt.   I solemnly promise that I will not disclose in any manner any

26  information or item that is subject to this Stipulated Protective Order to any person

27  or entity except in strict compliance with the provisions of this Order.  I further

28  agree to submit to the jurisdiction of the United States District Court for the Central

                                - 18 -
                                          STIPULATED PROTECTIVE ORDER
                                          CASE NO. 2:15-CV-09239-CAS (AFM)

1  District of California for enforcing the terms of this Stipulated Protective Order,

2  even if such enforcement proceedings occur after termination of this action. I

3  hereby appoint _____ [print or type full name] of

4  _____ [print or type full address and

5  telephone number] as my California agent for service of process in connection with

6  this action or any proceedings related to enforcement of this Stipulated Protective

7  Order.

8  Date: _____

9  City and State where sworn and signed: _____

10

11  Printed name: _____

12

13  Signature: _____

STIPULATED PROTECTIVE ORDER
CASE NO. 2:15-CV-09239-CAS (AFM)

1

## <u>ATTESTATION TO FILING</u>

2      Pursuant to L.R. 5-4.3.4, I attest that Eric J. Amdursky concurred in this

3   Stipulated Protective Order and authorized the filing of the same.

4

5                                              <u>/s/ Brian Olney</u>
                                               Brian Olney
6
                                               Attorney for Plaintiff
7                                              Keno V. Thomas

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. 2:15-CV-09239-CAS (AFM)