# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL  'O'

| | |
|---|---|
| Case No. | 2:15-cv-09239-CAS (AJWx) |
| Date | April 12, 2017 |
| Title | KENO V. THOMAS v. STARZ ENTERTAINMENT, LLC et al. |

**Present: The Honorable CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: Not Present

Attorneys Present for Defendants: Not Present

**Proceedings:** (IN CHAMBERS) - JOINT STIPULATION REGARDING PLAINTIFF'S REQUEST TO EXCEED TEN DEPOSITIONS (Filed March 27, 2017, Dkt. 109)

The Court is in receipt of the parties' joint report regarding plaintiff's request to exceed the ten-deposition limit. Dkt. 109. The Court is also in receipt of plaintiff's supplemental brief regarding the application to exceed ten depositions, filed April 3, 2017. Dkt. 112. The Court finds this matter appropriate for decision without oral argument. Fed.R.Civ.P. 78; L.R. 7–15. Accordingly, the hearing date of April 17, 2017, is hereby vacated and the matter is taken under submission.

On December 19, 2017, the Court told the parties, "I think you know that I am not going to limit the plaintiff or defendant to ten depositions. I may let them go to 12 or 14." Carter Decl. Ex. C at 11:16-18. The Court informed the parties that if they could not agree upon the number of depositions to be conducted, they should file a joint report explaining who plaintiff seeks to depose, the purported importance of the witnesses, and the parties' respective positions.

Plaintiff asks to be able to conduct up to 16 non-expert depositions, including a 30(b)(6) deposition. Dkt. 109 at 2-3. Defendants argue that the plaintiff should be required to conduct some initial depositions before requesting to exceed ten. For their part, defendants appear to have offered to permit plaintiff to depose 13 witnesses (including the 30(b)(6) deponent, but not experts). Id. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:15-cv-09239-CAS (AJWx) | Date | April 12, 2017 |
|---|---|---|---|
| Title | KENO V. THOMAS v. STARZ ENTERTAINMENT, LLC et al. | | |

The presumptive limit of ten depositions:

> is to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions . . . A second objective is to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case. Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2) . . . A deposition under Rule 30(b)(6) should, for purposes of this limit, be treated as a single deposition even though more than one person may be designated to testify.

Fed. R. Civ. P. 30 (advisory committee notes). Rule 26(b)(2)(A) provides that a court *may* alter the limits on the number of depositions permitted under Rule 30. Rule 26(b)(2)(C) provides that a court *must* limit the extent of discovery if the court determines that the discovery sought is unreasonably cumulative or duplicative, can be obtained from a less burdensome source, or is outside the scope of discovery in general.

    For present purposes, the Court is satisfied that the complexity of the case and the number of witnesses defendants have expressed an intent to call at trial warrant extending depositions beyond the presumptive limit of 10 per side. For purposes of determining the number of depositions each side should be permitted, defendants have not at this time demonstrated that the discovery sought will necessarily be cumulative or duplicative.

    Plaintiff's request to exceed ten depositions is **GRANTED** without prejudice to defendants' being permitted to object to specific depositions. Consistent with the Court's prior indication, each side may conduct up to 14 non-expert depositions, which shall include any 30(b)(6) depositions to be noticed. Insofar as the parties dispute the propriety of permitting specific depositions of high-level management at Starz, the parties' arguments are more appropriately addressed to the Magistrate Judge.

    IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | | CMJ |